UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Joanne De Laat, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>Williams Rush & Associates LLC and<br>John Does 1-25,<br><br>Defendant(s). | Civil Action No: 2:20-cv-15598<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Joanne De Laat, a New Jersey resident, brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Williams Rush & Associates LLC ("Williams"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, respectfully sets forth, complains, and alleges the following based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id*. It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action Plaintiff brings this class action on behalf of a class of New Jersey consumers for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of Section 1692 et. seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

6. Plaintiff is a resident of the State of New Jersey, County of Bergen, residing at 233-A Rock Road, Suite 308, Glen Rock, NJ 07452.

7. Defendant Williams is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with address at 4144 N Central Expressway, Suite 945, Dallas, TX 75204.

8. Upon information and belief, Defendant Williams is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

9. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of New Jersey;

    b. to whom Defendant Williams sent an initial collection letter;

    c. attempting to collect a consumer debt;

    d. that offered to settle for less than the full balance;

    e. without providing a deadline for accepting the settlement offer;

    f. while also claiming the settlement amount could increase if not timely accepted;

    g. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

13. Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and its respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, and 1692f.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. §§ 1692e, and 1692f.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the above allegations as if set forth here.

20. On a date better known to Defendant, an obligation was allegedly incurred to creditor Southeast Financial Credit. ("Southeast")

21. The alleged debt arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, specifically a personal education loan.

22. The alleged Southeast obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

23. Upon information and belief, the Southeast contracted with Williams to collect the alleged debt.

24. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of themselves or other creditors using the United States Postal Services, telephone and internet.

*Violation – April 29, 2020 Letter*

25. On or about April 29, 2020 Defendant sent Plaintiff an initial collection letter regarding the alleged debt. A true and accurate copy of this letter from Defendant is **attached as Exhibit A**.

26. The letter states:

> We have previously offered to settle your education loan for 30% of the balance. Time is running out to receive this offer!... To take advantage of this offer, give us a call at (855)869-9847. Any delay could result in an increased settlement amount or continued collection efforts.

27. Although the letter offers to settle the alleged debt for a lesser amount, no deadline is provided for accepting the offer.

28. However, the letter then claims that "[t]ime is running out to receive this offer!" and that "[a]ny delay [in accepting the offer] could result in an increased settlement amount".

29. If there is a deadline for accepting the settlement offer, Defendant must so state.


30. Pressuring the consumer to pay before this secret deadline, if it exists, is misleading and unfair.

31. The letter could confuse the consumer as to her options, or how long she had to accept the offer, or how to proceed in light of the hidden deadline.

32. If there is no deadline then it was false to claim there was one and also misleading to state that the settlement offer could increase if not accepted.

33. Upon information and belief, there was no deadline.

34. Defendant would have accepted the settlement amount at any time.

35. Defendant's letter created a false sense of urgency.

36. Defendant was damaged in wasted time and money, being unable to properly weigh her options for handling this alleged debt, and by the resultant emotional distress this caused.

37. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

<div align="center">

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e *et seq.***

</div>

38. Plaintiff repeats the above allegations as if set forth here.

39. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

40. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41. Defendant violated § 1692e by

   a. falsely stating the settlement amount could increase if not timely accepted;

   b. alternatively, failing to state the deadline to accept settlement if one did actually exist.

42. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

43. Plaintiff repeats the above allegations as if set forth here.

44. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

45. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

46. Defendant violated this section by

    a. stating the settlement amount could increase if not timely accepted;

    b. alternatively, failing to state the deadline to accept settlement if one did actually exist.

47. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

48. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Joanne De Laat, individually and on behalf of all others similarly situated, demands judgment from Defendant Williams Rush & Associates LLC as follows:

    i.       Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq. as Class Counsel;

    ii.      Awarding Plaintiff and the Class statutory damages;

    iii.     Awarding Plaintiff and the Class actual damages;

    iv.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    v.      Awarding pre-judgment interest and post-judgment interest; and

    vi.     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Hackensack, New Jersey  
November 5, 2020

**Stein Saks, PLLC**  
*/s/ Eliyahu Babad*  
by:  Eliyahu Babad, Esq.  
285 Passaic Street  
Hackensack, NJ 07601  
Phone: 201-282-6500 x121  
Fax: 201-282-6501  
ebabad@steinsakslegal.com